**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| THEODORE WOERTHWEIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 1:16-cv-04058 |
| MIDLAND CREDIT MANAGEMENT, INC. | ) | |
| | ) | Honorable John W. Darrah |
| Defendant. | ) | |
| | ) | |
| | ) | |

<u>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**</u>

Defendant, Midland Credit Management, Inc. ("Midland"), by its attorneys, David M. Schultz and Palak N. Shah of Hinshaw & Culbertson LLP, and pursuant to Federal Rule of Civil Procedure 12 (b)(6), respectfully requests that this court dismiss Plaintiff's complaint with prejudice, and in support thereof, state as follows:

**INTRODUCTION**

This case exemplifies the misuse of the Fair Debt Collection Practices Act ("FDCPA"), a statute intended to protect the least sophisticated consumer. *See Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769, 774 (7th Cir.2007). Plaintiff's complaint alleges violations of the FDCPA based upon two collection letters sent to him dated September 2, 2015, and January 20, 2016.(Dkt. #1, Ex. A, B). Neither letter makes any threats of litigation and the January 20 letter advised Plaintiff, "[t]he law limits how long you can be sued on a debt. Because of the age of your debt we will not sue you for it." (Dkt. #1, Ex. B). It is lawful to seek voluntary repayment of a time-barred debt and Plaintiff does not say otherwise. *Harris v. Total Card, Inc.,* No. 12 C 05461, 2013 WL 5221631, at *4 (N.D. Ill. Sept. 16, 2013).

Nonetheless, Plaintiff has created a theory of deception under the FDCPA based on a partial payment disclaimer that he concocted and which he claims was omitted from Midland's letter. The FDCPA contains no obligation to make such disclosure and no court has said such a disclosure must be made in a collection letter. Moreover, Midland's letter contains language that was crafted and mandated by federal regulatory settlements. As a result, only a bizarre or idiosyncratic reading of the letter would support Plaintiff's claim that the letter is misleading because it did not tell Plaintiff that if he made a partial payment he could be sued.

The key detail missing from Plaintiff's complaint is that Plaintiff is an attorney with over 45 years of experience. He is the named partner of the firm representing him in this action, Woerthwein & Miller, and his practice includes "third party debt collection defense," filing consumer actions, and pursuing FDCPA lawsuits. *See* Woerthein & Miller Founding Attorney Partners Bios, available at: http://www.wamlaw.com/?page_id=1824; Woerthwein & Miller Practice Areas, Third Party Debt Collection Defense, available at: http://www.wamlaw.com/?page_id=4203 (last visited 2/20/16)[1].

Consequently, Plaintiff's FDCPA claims under §1692e(2) and §1692e(10) should be dismissed because the facts as alleged make clear that Plaintiff-Attorney Woerthwein-was not deceived in any way nor did Midland make any false representations about his unpaid debt.

## LEGAL STANDARD

A plaintiff is obligated to provide the "grounds" of his "entitlement to relief" in order to survive a Rule 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). This requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action. *Id.* The "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* Additionally, when a plaintiff pleads [himself] out of court, i.e. admits all the

---

[1] Courts may take judicial notice of the contents of a website. *See Denius v. Dunlap,* 330 F.3d 919, 926 (7th Cir.2003)

131395926v1 0985493

ingredients of an impenetrable defense, a complaint that otherwise states a claim may be dismissed under Rule 12(b)(6). *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (citing *Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002). In considering a motion to dismiss for failure to state a claim, a district court may consider any facts set forth in the complaint that undermine the plaintiff's claim, including exhibits attached to the complaint. *See* Fed.R.Civ.P. 10(c); *Bogie v. Rosenberg,* 705 F.3d 603, 609 (7th Cir.2013).

The *Twombly/Iqbal* standard requires a pleading to contain sufficient factual allegations to show a "plausible" claim for relief. *Bissesur v. Indiana Univ. Bd. of Trustees*, 581 F.3d 599, 603 (7th Cir. 2009), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). *Twombly/Iqbal* "teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail … to indicate that the plaintiff has a substantial case." *Id.* In determining "plausibility" the court may disregard conclusory allegations even if they are alleged in the form of factual allegations. *Twombly*, 127 S. Ct. at 1950. ("although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation"). The court must decide whether the factual allegations in the specific context of the case, if assumed to be true, allege a plausible claim:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949.

## SUMMARY OF ALLEGATIONS

Plaintiff incurred a debt on a Sears/Citibank card, which Plaintiff failed to pay. (Dkt. #1, ¶¶ 9-10). Midland Funding, LLC, currently owns the debt. (Dkt. #1, ¶9). On or about September 2,

131395926v1 0985493

2015, on behalf of Midland Funding LLC, Defendant Midland sent a collection letter to Plaintiff providing his unpaid balance of $23,466.75 and offering three discounted options to pay off the debt. (Dkt. #1, Ex. A). Plaintiff claims this letter was misleading because it did not disclose that the debt was time-barred by Illinois' statute of limitations, meaning that Midland Funding, LLC, could not pursue a collection lawsuit on the debt. (Dkt. #1, ¶34).

On or about January 20, 2016, Midland sent another letter to Plaintiff again providing the balance and offering discounted payment options. (Dkt. #1, Ex. B). This letter further informed Plaintiff that "the law limits how long you can be sued on the debt. Because of the age of your debt, we will not sue you for it." (Dkt. #1, Ex. B). Plaintiff claims this letter was misleading because it did not state that any payments made would revive the statute of limitations of the debt. (Dkt. #1, ¶36).

## ARGUMENT

Plaintiff brings claims under §1692e of the FDCPA which prohibits false, deceptive, or misleading statements. This circuit "consistently held that with regard to [1692e] claims, the standard is: (1) whether the debt collector's communication would deceive or mislead an unsophisticated, but reasonable, consumer if the consumer is not represented by counsel, or (2) whether a competent attorney would be deceived, even if he is not a specialist in consumer debt law." *Bravo v. Midland Credit Mgmt., Inc.,* 812 F.3d 599, 603 (7th Cir. 2016) citing *Zemeckis v. Global Credit & Collection Corp.,* 679 F.3d 632, 635 (7th Cir.2012); *Wahl v. Midland Credit Mgmt., Inc.,* 556 F.3d 643, 645 (7th Cir.2009); *Ruth v. Triumph,* 577 F.3d 790, 799–800 (7th Cir.2009); *Evory,* 505 F.3d at 774–775; *Sims v. GC Servs. L.P.,* 445 F.3d 959, 963 (7th Cir.2006); *Turner v. J.V.D.B. & Assocs.,* 330 F.3d 991, 995 (7th Cir.2003).

Plaintiff is an attorney, and therefore, the higher "competent attorney" standard applies to his claims that Midland's letters were misleading. *Evory,* 505 F.3d at 775 (holding the "competent

4

attorney" standard applies regardless of whether a statement is allegedly false, misleading, or deceptive). The *Evory* Court observed that "[m]ost lawyers who represent consumers in debt collection cases are familiar with debt collection law and therefore unlikely to be deceived." *Id.* at 774. But even lawyers who are not "knowledgeable about the law and practices of debt collection law… should be able to inform themselves sufficiently to represent their consumer clients competently…" *Id.* at 774-75. Plaintiff is a competent attorney with over 45 years of experience, is a founding partner of his own law firm (the same firm representing him in this action), and is very knowledgeable about debt collection law.

I. **Plaintiff's §§ 1692e(2) and e(10) claims fail because the letters sent to Plaintiff, an attorney, were not misleading or deceptive as they contained no false statements and Plaintiff was well aware of the legal status, character, and nature of his debt.**

Plaintiff claims that the two letters at issue violated §1692e(2) and e(10) of the FDCPA which provide:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> . . .
> **(2)** The false representation of—(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> **(10)** The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e(2), e(10).

Plaintiff fails to state a claim because the letters could not deceive him as a competent and experienced attorney. Tellingly, Plaintiff does allege that anything on Midland's letters is false. Rather, he claims §1692e violations only because the letters did not restate facts he already knew. Specifically, Plaintiff alleges violations because the first letter (September 2) did not state that the debt was time barred and the second letter (January 20) did not state that a partial payment would revive the statute of limitations. Plaintiff's own firm's website states:

5

The average household credit card debt today is over $10,000 and has given rise to more and more third party debt collection lawsuits. If you are sued by your credit card company, there are some defenses that can help you. . . . In most instances, you will need to raise your defenses in that response or they will be waived. The following are common defenses which might apply in your case: . . .

**Statute of Limitations**
This means the debt is too old to be enforced. The time a creditor has to file suit against you is limited by law in each state. The time limit varies from state to state. In most states, it is anywhere from three to six years. The time starts running from the last date you make a payment. If the statute in your state is three years and you haven't made a payment in two years, a payment to a debt collector who is hounding you will start the time running all over again.

**Fair Debt Collection Practices Act**
The FDCPA is a federal law that governs the actions that can be taken to collect debts. Debt collector is defined broadly to include anyone from the companies that call you when your payment is late to attorneys hired to file suit. It requires collectors to provide you with validation of your debt when you request it and stop collection activities until they do. It prohibits certain collection activities such as threatening to sue on debt that is beyond the statute of limitations.
If a suit has been filed against you, you can assert FDCPA violations as a countersuit or setoff in that action. You can recover actual damages, attorneys fees, and additional damages of up to $1,000 per violations if the violations are found to have taken place.

Woerthwein & Miller, Practice Areas, Third Party Debt Collection Defense, available at: http://www.wamlaw.com/?page_id=4203 (last visited 5/20/16)(copy of webpage attached hereto as Exhibit 1). The above information posted on Plaintiff's firm's website demonstrates that he and his attorneys were well aware of the legal status of Plaintiff's unpaid debt and that they are well versed on the law regarding the statute of limitations and the FDCPA.

Although Plaintiff claims Midland violated Section 1692e(2)(a) by "making false, deceptive, and misleading representations concerning the character, amount, or legal status" of his debt, there are no allegations whatsoever that Midland misstated the amount of the debt or that Plaintiff does not owe it. On the contrary, Plaintiff alleges only that the statute of limitations for filing a suit to collect the debt has expired but the alleged expiration of the statute of limitations does not impact the validity of the underlying debt. Despite the expiration of the statute of limitations, Plaintiff's

6

debt is not extinguished. *See Harris*, 2013 WL 5221631, at *4. Because Plaintiff does not dispute owing the debt or amount and it is a valid obligation, Plaintiff has not plead that Midland misrepresented the character or amount of the debt.

Moreover, the letters do not misrepresent the "legal status" of the debt. It is not a violation of the FDCPA to seek voluntary repayment of a debt even after the statute of limitations has run. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014) ("We do not hold that it is automatically improper for a debt collector to seek re-payment of time-barred debts; some people might consider full debt re-payment a moral obligation, even though the legal remedy for the debt has been extinguished.").

### A. The September 2, 2015, letter was not misleading because Plaintiff's own allegations demonstrate he was well aware of the legal status of his debt.

Plaintiff's claim that the September 2 letter was misleading should be dismissed because he is a competent attorney who was well aware of the legal status of his debt. His own Complaint states that he has not made a payment since July 10, 2009. (Dkt. #1, ¶ 13). His knowledge of that fact in conjunction with his experience in debt collection defense demonstrates that he was not misled because he knew that he could not be sued on the debt. The Seventh Circuit and this Court have held that attorneys are not misled or deceived by collection letters when they are aware of the legal status of facts surrounding the debt. *See Bravo*, 812 F.3d 599 (7th Cir. 2016); *Paz v. Portfolio Recovery Associates, LLC*, No. 14 C 9751, 2016 WL 1463401, at *3 (N.D. Ill. Apr. 14, 2016)(J. Alonso).

In *Bravo*, the Seventh Circuit affirmed dismissal of a debtor's §1692e claims predicated upon collection letters sent to her attorney. 812 F.3d at 603. The letters referred to debts previously resolved in a settlement of a prior FDCPA lawsuit. *Id.* at 601. The letters were sent in the name of the debtor but "in care of" her attorney and were mailed to her attorney's office. *Id.* The debtor's attorney was the same attorney who handled the prior settlement. *Id.* The debtor claimed §1692e violations arguing the letters were misleading in that they sought to collect debts that were settled

7

and extinguished by way of the prior settlement. *Id.* at 603. The Court applied the competent attorney standard and affirmed dismissal reasoning that the debtor's attorney knew for a fact that the debts were no longer owed; therefore, the debtor's attorney was not deceived or misled. *Id.*

Relying upon *Bravo,* this Court recently rejected a debtor's claim that collection letters sent to the debtor's attorney were false and misleading because it stated, "If you do not pay the debt, we may report it to the credit reporting agencies as unpaid." *Paz,* 2016 WL 1463401, at *3. As in *Bravo,* the attorney in *Paz* was the same attorney who previously settled a prior lawsuit eliminating the debt. *Id.* Consequently, this Court reasoned that upon receipt of the letter, the attorney knew that the debt was not owed and that the collector had no basis for telling the credit reporting agencies otherwise, and therefore, neither the debtor nor his attorney were misled or deceived as a matter of law. *Id.*

The instant set of facts presents an even clearer picture than that in *Bravo* and *Paz* because the debtor and attorney here are the same individual. Just as the attorneys in *Bravo* and *Paz* knew the status of their debts, Plaintiff here knew that his debt was time barred and that he would not be sued. Plaintiff does not, and cannot, allege that anything on Midland's letters misled him into making payments or taking any action whatsoever.

### B. The January 20, 2015, letter was not misleading because it specifically disclaimed that Plaintiff would not be sued.

Plaintiff's claims regarding the January 20 letter should be dismissed because nothing in the letter was misleading. In fact, the letter specifically stated that because of the age of the debt, Midland would not sue Plaintiff for it. (Dkt. #1, Ex. B). Only a bizarre or idiosyncratic interpretation of Midland's letter would support a reading that the letter somehow falsely represents the legal status of the debt where it says Plaintiff will not be sued and Plaintiff agrees that he cannot be sued for collection of the debt. The Seventh Circuit, however, explains that "as a matter of law, we shall not entertain a plaintiff's bizarre, peculiar, or idiosyncratic interpretation of a collection letter." *McMillan v. Collection Prof'l Inc.,* 455 F.3d 754, 758 (7th Cir.2006).

8

The FDCPA (as amended in 2010) grants rulemaking authority to the Consumer Financial Protection Bureau ("CFPB") "with respect to the collection of debts by debt collectors." 15 U.S.C. § 1692l(d). Prior to the creation of the CFPB, the Federal Trade Commission ("FTC") was charged with enforcing compliance with the FDCPA but did not have rulemaking authority under it.[2] The CFPB is now also charged with enforcing compliance of the FDCPA. In addition, the CFPB may issue guidance for debt collectors and their attempts to comply with the strictures of the FDCPA. The CFPB and FTC have entered into several consent decrees with major debt buyers regarding their collection practices with respect to time-barred debts. In 2012, Asset Acceptance, LLC ("Asset") entered into a consent decree with the FTC which required that Asset use the following disclosure on its attempts to collect time barred debts so as to adequately inform consumers:

> The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. ("Disclosure")

Asset Acceptance Consent Decree, p. 13, copy available at:

https://www.ftc.gov/sites/default/files/documents/cases/2012/01/120131assetconsent.pdf

Then in 2015, Defendant Midland, Midland Funding LLC, Encore Capital Group, Inc., Asset Acceptance Capital Corp., and Portfolio Recovery Associates, LLC, entered into two separate consent decrees with the CFPB which addressed attempts to collect time-barred debts.

The Encore Capital Group, Inc., Midland Funding, LLC, Midland Credit Management, Inc., and Asset Acceptance Capital Corp. consent decree required that those entities include the Disclosure when attempting to collect a time-barred debt.[3] Encore Capital Group Consent Decree, p. 39, copy available at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-encore-capital-group.pdf. Similarly, the Portfolio Recovery Associates, LLC ("PRA") consent decree

---

[2] Prior to its 2010 amendment, 15 U.S.C. § 1692l(d) provided: "Neither the [FTC] nor any other agency ... may promulgate trade regulation rules or other regulations with respect to the collection of debts by debt collectors."
[3] There are additional disclosures pertaining to credit reporting which are not relevant for purposes of this motion.

131395926v1 0985493

required that PRA include the Disclosure on any attempts to collect time-barred debts. PRA Consent Decree, p. 39, copy available at http://files.consumerfinance.gov/f/201509_cfpb_consent-order-portfolio-recovery-associates-llc.pdf. Here, Midland's letter mimics exactly the safe harbor language approved by the FTC and CFPB in the consent decrees. Accordingly it cannot be deemed false, deceptive or misleading under the FDCPA.

The FTC's disclosure here has been repeatedly followed by debt collectors across the country, and the FTC itself has also urged courts to follow this disclosure language. See FTC amicus brief to *Delgado v. Capital Management Svcs. LP*. A similar disclosure has been adopted by California, Connecticut and West Virginia. *See* Con. Gen. Stat. Ann. §36a-805(a)(14); Cal.Civ. Code §1788.52(d)(2); W.Va. Code §46A-2-128(f).

Finally, in *Pantoja v. Portfolio Recovery Associates, LLC*, 78 F.Supp.3d 743 (N.D. Ill 2015), PRA's letter stated "[b]ecause of the age of your debt, we will not sue you for it and we will not report it to any credit reporting agency" but omitted the sentence "The law limits how long you can be sued on a debt." This court in *Pantoja* held that "The inclusion of this language informs the recipient that it cannot be sued on the debt. The failure to include such language by the instant defendant makes the instant letter deceiving." *Id.* at 746-47. By the *Pantoja* court's reasoning Midland's letter adequately informed Plaintiff that he cannot be sued on the debt because its letter included the sentence "the law limits how long you can be sued on a debt."

The U.S. District Court for the District of New Jersey recently addressed nearly the identical issue presented here and held that when a letter states a debtor will not be sued, there is no violation of the FDCPA "because even the least sophisticated debtor would not understand the 2015 Letter to threaten litigation, or to misrepresent the legal status of the debt." *Filgueiras v. Portfolio Recovery Associates, LLC,* No. CV158144JLLSCM, 2016 WL 1626958, at *10 (D.N.J. Apr. 25, 2016).

10

In *Filgueiras,* a debtor claimed that a debt collector's letter was misleading and misrepresented the status of his debt. *Id.* at *4. The court dismissed the claims that were predicated upon a letter which offered a discounted payment option on a time-barred debt and stated the same language as in Midland's letter: "[b]ecause of the age of your debt, *we will not sue you for it.*" *Id.* at *11. The court reasoned that the letter "does not violate the FDCPA because it does not threaten litigation, and, in fact, specifically disclaims litigation." *Id.* The court further explained, "in light of this explicit disclaimer acknowledging that the debt is time-barred, even the least-sophisticated debtor would not believe that the [d]ebt was legally enforceable." *Id.* citing *Campuzano-Burgos v. Midland Credit Mgmt., Inc.,* 550 F.3d 294, 299 (3d Cir. 2008)("Even the least sophisticated debtor is bound to read collection notices in their entirety.").

Since the court in *Filgueiras* determined that *even* the least sophisticated consumer could not plausibly state §1692e claims predicated on the exact language at issue here, Plaintiff's claims here warrant dismissal as he is a sophisticated and competent attorney. Nothing in Midland's letters would lead a reasonable and competent lawyer to believe that he would be sued on the debt, let alone a competent lawyer whose firm practices the law upon which his claims are based. In fact, the letter states, outright, that he would not be sued.

Plaintiff further claims that Midland's letter was allegedly false, deceptive and misleading because it "attempted to trick" Plaintiff into making a partial payment which would revive the statute of limitations on the debt. (Dkt. #1, ¶¶ 24-26, 36). The plain text of the letter negates any potential for deception. Rather than remaining silent about the statute of limitations, the letter not only advises Plaintiff that the law limits how long he can be sued, it advises Plaintiff that he *will not* be sued regardless of whether or not he pays any or all of the debt. Plaintiff speculates that if he makes a partial payment, Midland will decide to sue him. Plaintiff's speculation, however, is not supported by the text of the letter and is specifically rebutted by it. Only a bizarre or idiosyncratic reading of

11

131395926v1 0985493

Midland's letter which contains the very disclosure approved by the FTC and CFPB would support Plaintiff's interpretation that the letter threatened to revive the statute of limitations for suit on the debt. Plaintiff's claims exemplify the misuse of the FDCPA and should be dismissed.

## CONCLUSION

This case presents an example of an attorney who is so knowledgeable in FDCPA law that he knows how to craft complaints and lawsuits for his own benefit. This misuse of the statute should be curbed and Plaintiff's complaint should be dismissed.

WHEREFORE, Defendant Midland Credit Management, Inc., respectfully requests this Court dismiss Plaintiff's complaint in its entirety, with prejudice, and for any other relief in its favor this Court deems appropriate.

MIDLAND CREDIT MANAGEMENT, INC.

/s/ *Palak N. Shah*
Palak N. Shah

David M. Schultz
Palak N. Shah
Hinshaw & Culbertson LLP
222 North LaSalle Street, Suite 300
Chicago, IL 60601
Telephone: 312-704-3000
Facsimile: 312-704-3001
dschultz@hinshawlaw.com
pshah@hinshawlaw.com

131395926v1 0985493

## CERTIFICATE OF SERVICE

I, an attorney, hereby certify that on June 2, 2016, I electronically filed the foregoing Memorandum in Support of Defendant's Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

/s/ *Palak N. Shah*
Palak N. Shah

131395926v1 0985493