UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THEODORE WOERTHWEIN, | ) |
| Plaintiff, | ) ) ) ) Case No. 1:16-cv-4058 |
| v. | ) ) Judge John W. Darrah |
| MIDLAND CREDIT MANAGEMENT, INC., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

On April 6, 2016, Plaintiff filed a Complaint, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant filed a Motion to Dismiss [14] Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted. For the reasons discussed below, Defendant's Motion to Dismiss [14] is denied.

## BACKGROUND

Plaintiff incurred a debt from a "Citibank/Sears [credit] account" and had not made a payment on that account since July 10, 2009. (Compl. ¶ 13). Plaintiff's debt went into default and was later purchased by Midland Funding LLC. (*Id.* ¶ 9). Defendant, Midland Credit Management, Inc. ("MCM") acts as a collection agency for Midland Funding LLC. (*Id.* ¶ 6). On September 2, 2015, Defendant sent a collection letter to Plaintiff that included, among other things, a current balance owed; the identity of the original creditor; opportunity to enroll in a "pre-approved . . . discount program"; an offer to Plaintiff of "three options to remit payment — a one-time payment at a 70% discount, a 50% discount if the account was paid off over 12 months, and monthly payments "as low as $50 per month." (*Id.* at ¶¶ 10-17). The September

letter also stated, "We are not obligated to renew this offer." (*Id*. at ¶12). The September letter did not disclose that Plaintiff's debt is time-barred.

On January 20, 2016, Defendant sent another collection letter to Plaintiff. (*Id*. at ¶16). This letter was similar to the September letter. However, the January letter stated, "Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we may continue to report it to the credit reporting agencies as unpaid." (*Id*. at ¶ 20).

Plaintiff alleges that the letters misrepresent Plaintiff's debt in violation of sections 1692e(2) and 1692e(10) of the FDCPA. (*Id.*) More specifically, Plaintiff alleges that the September letter did not disclose that the debt is time-barred and that the January letter did not inform Plaintiff that he could not be sued for the time-barred debt or the effect of making a payment on the account. (*Id.* ¶¶ 15, 21, 27, 29, 30, 35, 36). Plaintiff alleges that the letters are misleading because repayment towards the alleged debt would expose him to potential liability if he starts making payments. (*Id*. at ¶ 25).

## LEGAL STANDARD

Rule 12(b)(6) permits a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). However, plaintiffs are not required to "plead the elements of a cause of action along with facts supporting each element." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 517 (7th Cir. 2015). Rather, the complaint must provide a defendant "with 'fair

notice' of the claim and its basis." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Twombly*, 550 U.S. at 555). When evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Twombly*, 550 U.S. at 555-56.

**ANALYSIS**

Defendant argues that the Complaint should be dismissed because Plaintiff was not deceived by Defendant's September or January letters. The basis of Defendant's argument is that Plaintiff was not deceived or misled by the letters because Plaintiff is an attorney who practices FDCPA law.

In the Complaint, Plaintiff asserts that Defendant engaged in deceptive and misleading acts and practices in violation of sections 1692e(2) and (10) of the FDCPA by failing to disclose that Plaintiff's debt is time-barred and the effect of making a payment on a time-barred debt. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> \*   \*   \*
>
> (2) The false representation of—
>     (A) the character, amount, or legal status of any debt; or
>     (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
>
> \*   \*   \*
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C.A. § 1692e (West).

"The courts have ruled that the [FDCPA] is intended for the protection of unsophisticated consumers . . . , so that in deciding whether for example a representation made in a dunning letter is misleading the court asks whether a person of modest education and limited commercial savvy would be likely to be deceived." *Evory v. RJM Acquisitions Funding L.L.C*., 505 F.3d 769, 774 (7th Cir. 2007). This standard applies to claims under § 1692e. *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1019 (7th Cir. 2014). However, communications to a consumer's lawyer are judged by a different standard: a communication "that would be unlikely to deceive a competent lawyer . . . [is] not . . . actionable." *Evory*, 505 F.3d at 774. The standard to view whether or not the consumer's attorney was misled is higher than the "unsophisticated consumer" standard. *Id*. at 775.

Defendant argues that Plaintiff must be held to "the higher 'competent attorney standard'" and not the "unsophisticated consumer standard" with regard to FDCPA claims that are allegedly false, misleading, or deceptive. (Def.'s Mem. in Support of its Mot. to Dismiss, pp. 3-4). Defendant argues that Plaintiff was not deceived by Defendant's September or January letters because Plaintiff is an attorney with 45 years of experience and whose practice includes "third party debt collection defense," filing consumer actions, and pursuing FDCPA lawsuits. (*Id.* at p. 2). Therefore, Defendant contends the Complaint should be dismissed for failure to state a claim.

The competent attorney standard does not restrict the FDCPA as Defendant suggests. In the cases cited by Defendant, the communications were addressed to consumer's attorneys, not consumers themselves.[1] *Bravo v. Midland Credit Mgmt., Inc.*, 812 F.3d 599 (7th Cir. 2016);

---

[1] Defendant's Motion for Leave to Cite Additional Authority [21] argues *Bishop v. AFNI, Inc.,* Case No. 1:15-cv-7170 (N.D. Ill. Aug. 16, 2016) which supports its position that the

*Evory*, 505 F.3d at 769. Had the September or January letters been sent to Plaintiff's attorney, the competent attorney standard would apply. Here, the communications at issue were addressed to the consumer. It is true that Plaintiff is also an attorney. However, the Seventh Circuit has made it clear that the competent attorney standard applies to the consumer's attorney and not to the consumers themselves. *Owens v. LVNV Funding, LLC*, No. 15-2044, 2016 WL 4207965, at *6 (7th Cir. Aug. 10, 2016) (citing cases); *see also*, *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 935 (9th Cir. 2007) ("A consumer and his attorney are not one and the same for purposes of the Act. They are legally distinct entities, and the Act consequently treats them as such."). Because the September and January letters were sent to the consumer, not the consumer's attorney, the competent attorney standard does not apply.

Moreover, as the standards under the FDCPA are objective, Defendant's argument that Plaintiff was not misled by the dunning letters that he received because he is an attorney misses the mark. It is irrelevant under the objective unsophisticated consumer standard whether the Plaintiff, who actually received a dunning letter, was truly misled or deceived. *Lox v. CDA, Ltd.*, 689 F.3d 826 (7th Cir. 2012). It makes no difference whether or not the actual FDCPA Plaintiff was actually misled, only if the unsophisticated consumer would be misled. *See Lox*, 689 F.3d at 826.

Whether a dunning letter is confusing is a question of fact. Dismissal pursuant to FRCP 12(b)(6) is appropriate only when "it is 'apparent from a reading of the letter that not even a significant fraction of the population would be misled by it.'" *McMahon*, 744 F.3d at 1019-20 (quoting *McMillan v. Collection Professionals, Inc.,* 455 F.3d 754, 760 (7th Cir. 2006). The Seventh Circuit has listed three rationales for dismissal. First, if the plaintiff rests on the text of

---

competent attorney standard applies. In that case, however, the consumer's attorney received the allegedly deceptive communication. (*Id.* at p. 4.)

the statements made by the debt collector, and offers no additional evidence, then that is when the court may dismiss the case if there is nothing deceptive or misleading about the communications. *Evory*, 505 F.3d at 776. Secondly, the defendant may have used the safe harbor, or clear statutory language, and therefore is not actionable. *Id*. Finally, there was no materiality with regard to the falsity, and therefore is not actionable. *Id*. The Seventh Circuit has cautioned that "[a] letter may confuse even though it is not internally contradictory," and "[w]e have therefore cautioned against reliance 'on our intuitions [as federal judges].'" *McMahon, LLC*, 744 F.3d at 1019-20 (quoting *Evory*, 505 F.3d at776).

Defendant argues Plaintiff was not misled because Plaintiff is a competent attorney whose firm represents consumer-debtors. As explained above, the competent attorney standard does not apply. Defendant offers little explanation or argument as to why either letter was not misleading or deceptive to an unsophisticated consumer. Therefore, there is no basis for dismissal of the Defendant with regard to the unsophisticated consumer.

Defendant's Motion to Dismiss is denied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [14] is denied.

Date:     October 24, 2016

JOHN W. DARRAH
United States District Court Judge